UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA ISRAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>RUBY CARTER, et al.,<br><br>    Defendants. | No. 2: 21-cv-1267 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Ruby Carter, Shawntel Snow, Traci Patterson, Dawn Santos and Sara Gates. Plaintiff alleges that he was diagnosed with schizophrenia at age 17. Plaintiff alleges that Clinical Neuropsychologist Dr. Chalgujian determined that plaintiff's mental health condition was serious and necessitated chronic care. Plaintiff alleges that on August 18, 2020, defendant Carter refused to provide plaintiff with medication required to treat his schizophrenia, including mirtazapine[1] and hydroxyzine[2]. Plaintiff alleges that Dr. Trammell, Dr. Suprovic and Dr. Xiaoying Zui previously prescribed these medications and ordered defendant Carter to give plaintiff these medications on August 18, 2020. Plaintiff alleges that defendant Carter laughed at plaintiff's distress. Plaintiff alleges that he told defendant Carter that if he did not take these medications consecutively for at least 30 days, he was likely to suffer serious exacerbation of his schizophrenia and other needless complications.

Plaintiff alleges that due to defendant Carter's failure to provide him with the medications, plaintiff's schizophrenia and related medical conditions deteriorated, causing sleep loss, bereavement, neuropsychological complications and contributed to plaintiff's post-traumatic stress disorder and suicidal ideation.

Plaintiff alleges that defendants Snow, Patterson, Gates and Santos attempted to cover-up defendant Carter's actions.

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show "deliberate indifference" to his or her "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This includes 'both an objective

---

[1] Mirtazapine is used to treat depression. See https://www.webmd.com/drugs/2/drug-13706-4047/mirtazapine-oral/mirtazapine-oral/details.

[2] Hydroxyzine is used to treat itching caused by allergies. See https://www.webmd.com/drugs/2/drug-7681/hydroxyzine-hcl-oral/details.

standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).  To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need.  Estelle, 429 U.S. at 104.  To satisfy the subjective element, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Thus, the official must have a "sufficiently culpable state of mind," id. at 834, and it is not enough to show that an official should have identified a risk if he in fact did not, see id. at 837-38; see also id. at 844 ("[I]t remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety.").

Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  McGuckin, 974 F.2d at 1060.

In the instant case, plaintiff appears to allege that defendant Carter denied him his medication on one occasion.  Plaintiff alleges that he suffered a variety of serious injuries as a result of not receiving his medication on the one occasion.  However, plaintiff does not explain how his failure to receive his medication on one occasion led to these injuries.  Without further explanation of how plaintiff's failure to receive his medication on one occasion caused the injuries alleged, the undersigned cannot determine whether plaintiff has stated a potentially colorable Eighth Amendment claim.  Accordingly, plaintiff's claims against defendant Carter are dismissed with leave to amend.

As discussed above, plaintiff alleges that defendants Snow, Patterson, Gates and Santos attempted to cover-up defendant Carter's actions.  These claims against defendants Snow, Patterson, Gates and Santos are dismissed with leave to amend because plaintiff has not stated a potentially colorable claim against defendant Carter.  These claims against defendants Snow, Patterson, Gates and Santos are also dismissed with leave to amend because they are vague and

conclusory. Plaintiff does not describe how these defendants attempted to cover-up defendant Carter's actions. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  July 26, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL,<br><br>           Plaintiff,<br><br>      v.<br><br>RUBY CARTER et al.,<br><br>           Defendants. | No.  2: 21-cv-1267 KJN P<br><br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint


                                              _____
                                              Plaintiff