UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL, | No. 2: 21-cv-1267 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RUBY CARTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Pending before the court is plaintiff's amended complaint. (ECF No. 7.) For the reasons stated herein, the undersigned recommends dismissal of all claims and defendants in the amended complaint, except for the Eighth Amendment claim against defendant Carter. The undersigned separately orders service of defendant Carter as to the Eighth Amendment claim.

Eighth Amendment Claims

*Legal Standard*

The Eighth Amendment prohibits cruel and unusual punishment of a convicted prisoner. See Whitley v. Albers, 475 U.S. 312, 318–19 (1986). Prison officials are required to provide inmates with adequate medical care and the failure to do so can constitute an Eighth Amendment violation. See Estelle v. Gamble, 429 U.S. 97, 103–05 (1976); Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014). A claim for inadequate medical care requires proof of both an

objective component—i.e., the existence of a "serious medical need" —and a subjective component—a prison official's "deliberate indifference" thereto. Colwell, 763 F.3d at 1066.

An inmate's medical need is "serious" if failure to treat his or her medical condition "could result in further significant injury" or could cause "the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

A prison official is deliberately indifferent under the subjective element of the test only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). This "requires more than ordinary lack of due care." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley, 475 U.S. at 319). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay or denial was harmful. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1144 1136 (9th Cir. 1997).

Furthermore, an individual defendant cannot be held liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged deprivation. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). "A plaintiff must allege facts, not simply conclusions, which show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

*Discussion*

Plaintiff alleges that on August 18, 2020, defendant Licensed Vocational Nurse Carter denied plaintiff Mirtazapine and Hydroxyzine. Plaintiff alleges that these medications were prescribed by medical doctors to treat his schizophrenia. Plaintiff alleges that if he failed to take

Mirtazapine for thirty consecutive days, he would likely suffer serious exacerbation of his schizophrenia and other needless complications. Plaintiff appears to allege that he suffered exacerbation of his schizophrenia and other needless complications as a result of defendant Carter's refusal to give him both Mirtazapine and Hydroxyzine on August 18, 2020. The undersigned finds that these allegations state a potentially colorable Eighth Amendment claim against defendant Carter.

Also named as defendants are Shawntel Snow, Traci Patterson, Dawn Santos and Sara Gates. Plaintiff alleges that defendants Snow, Patterson, Santos and Gates attempted to cover-up the actions of defendant Carter in violation of the Eighth Amendment. Plaintiff does not describe the actions taken by these defendants to cover-up defendant Carter's actions.

Plaintiff does not describe how defendants Snow, Patterson, Santos and Gates attempted to cover-up defendant Carter's actions. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts (or omissions) which defendants engaged in that support plaintiff's claim. Id. Plaintiff's allegations against defendants Snow, Patterson, Santos and Gates are so vague and conclusory that the undersigned cannot find that plaintiff states a potentially colorable Eighth Amendment claim against these defendants.

In the original complaint, plaintiff also alleged that defendants Snow, Patterson, Santos and Gates attempted to cover-up defendant Carter's actions. (ECF No. 4 at 4.) In the July 26, 2021 order screening the original complaint, the undersigned dismissed this claim against these defendants with leave to amend because the claim was vague and conclusory. (Id. at 4.) The undersigned observed that plaintiff did not describe how these defendants attempted to cover-up defendant Carter's actions. (Id. at 5.)

The amended complaint does not cure the pleading defects discussed in the July 26, 2021 order as to the claim against defendants Snow, Patterson, Santos and Gates. Accordingly, because it does not appear that plaintiff can cure these pleadings defects, the undersigned recommends that plaintiff's claim alleging that defendants Snow, Patterson, Santos and Gates

covered-up defendant Carter's actions be dismissed for failing to state a potentially colorable claim for relief.

Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") Claims

Plaintiff alleges that defendant Carter's failure to give him his medication on August 18, 2020 violated Title II of the ADA and Section 504 of the Rehabilitation Act.

*Legal Standards*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination.  Georgia, 546 U.S. at 153.  State correctional facilities are "public entities" within the meaning of the ADA.  See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  However, a state official sued in her official capacity is, in effect, a suit against the governmental entity and is an appropriate defendant in an ADA action.  See Applegate v. CCI, 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985)); see also Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA.").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show:  (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland, 386 F.3d

1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

To establish a violation of section 504 of the RA, a plaintiff must show "(1) she is handicapped within the meaning of the [RA]; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). The elements of claims under the ADA and the RA are functionally the same. See Atcherley v. Hanna, 2014 WL 2918852, at *7 (E.D. Cal. June 26, 2014).

A plaintiff in a § 1983 action who is pursuing a defendant in their official capacity must show that a policy or custom of the governmental agency "played a part in the violation of federal law." Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." (citation and internal quotation marks omitted)). This requirement applies to official capacity suits under the ADA and RA. See Hayes v. Voong, 709 F.App'x 494, 495 (9th Cir. 2018) (affirming dismissal of prisoner's ADA claims against defendants in their official capacities because prisoner's complaint failed to identify a policy or custom of the state that allegedly violated federal law).

*Discussion*

For the following reasons, the undersigned finds that plaintiff has not stated a potentially colorable claim pursuant to the ADA or RA based on defendant Carter's alleged failure to give him his medication on August 18, 2020. First, plaintiff does not allege that he was denied services, programs, or activities based on his failure to receive medication on the one occasion alleged. For this reason, plaintiff has not stated potentially colorable ADA and RA claims.

In addition, as discussed above, to state a potentially colorable ADA or RA claim, plaintiff must demonstrate that a policy or custom of the governmental agency played a part in the

5

violation of federal law.  Plaintiff's amended complaint does not make this showing.

Because it is clear that plaintiff cannot cure the pleading defects as to his ADA and RA claims, the undersigned recommends that plaintiff's ADA and RA claims be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that all claims and defendants in the amended complaint, except for the Eighth Amendment claim against defendant Carter, be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 20, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.56