UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>RUBY CARTER, et al.,<br><br>    Defendants. | No. 2: 21-cv-1267 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 20, 2021, the undersigned issued an order and findings and recommendations addressing plaintiff's first amended complaint. (ECF Nos. 8, 13.) The undersigned found that plaintiff's first amended complaint stated a potentially colorable Eighth Amendment claim against defendant Carter and ordered service of defendant Carter. (ECF No. 8.) The undersigned recommended that the remaining claims and defendants be dismissed. (ECF Nos. 8, 13.)

On February 14, 2022, plaintiff filed objections to the September 20, 2021 findings and recommendations. (ECF No. 35.) Attached to plaintiff's objections is a second amended complaint. (Id.) The second amended complaint supersedes the first amended complaint. Fed. R. Civ. P. 15.

////

1

Good cause appearing, the September 20, 2021 findings and recommendations are vacated and the undersigned herein screens the second amended complaint. For the reasons stated herein, the undersigned recommends that all claims raised in the second amended complaint except for claims one and two alleging that defendant Carter violated the Eighth Amendment by denying plaintiff medication be dismissed.

The second amended complaint names as defendants Licensed Vocational Nurse Ruby Carter, Registered Nurse Shawntel Snow, Chief Executive Officer Traci Patterson, Chief of Health Care Correspondence and Appeals Branch Sara Gates and Correctional Counselor Specialist II Dawn Santos. (ECF No. 35 at 6-7.)

*Claims One and Two (ECF No. 35 at 10-14)*

In claims one and two, plaintiff alleges that on August 18, 2020, defendant Carter violated the Eighth Amendment by denying plaintiff Mirtazapine and Hydroxyzine. These claims are duplicative to claims one and two of the operative first amended complaint. (ECF No. 7 at 5-9.) The undersigned previously found these claims potentially colorable and ordered service on defendant Carter. (ECF No. 8.) On January 3, 2022, defendant Carter filed an answer. (ECF No. 26.)

Accordingly, defendant Carter is ordered to respond to claims one and two raised in the second amended complaint.

*Claims Three and Four (ECF No. 35 at 15-17)*

In claim three, plaintiff alleges that defendants Snow, Patterson, Gates and Santos violated the Eighth Amendment by attempting to cover-up defendant Carter's failure to give plaintiff her medication on August 18, 2020.

The Eighth Amendment prohibits cruel and unusual punishment of a convicted prisoner. See Whitley v. Albers, 475 U.S. 312, 318–19 (1986). Prison officials are required to provide inmates with adequate medical care and the failure to do so can constitute an Eighth Amendment violation. See Estelle v. Gamble, 429 U.S. 97, 103–05 (1976); Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014). A claim for inadequate medical care requires proof of both an objective component—i.e., the existence of a "serious medical need" —and a subjective

1  component—a prison official's "deliberate indifference" thereto. Colwell, 763 F.3d at 1066.

2  An inmate's medical need is "serious" if failure to treat his or her medical condition "could result in further significant injury" or could cause "the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). A prison official is deliberately indifferent under the subjective element of the test only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). This "requires more than ordinary lack of due care." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley, 475 U.S. at 319). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay or denial was harmful. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1144 1136 (9th Cir. 1997).

Plaintiff does not describe the actions taken by defendants Snow, Patterson, Gates and Santos to cover-up defendant Carter's actions. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts (or omissions) which defendants engaged in that support plaintiff's claim. Id. Plaintiff's allegations that defendants Snow, Patterson, Gates and Santos covered-up defendant Carter's alleged misconduct are so vague and conclusory that the undersigned cannot find that they state a potentially colorable claim for relief. Accordingly, claim three should be dismissed.

In claim four, plaintiff alleges that defendants Snow, Patterson and Gates violated the Eighth Amendment because they were informed of "multiple violations to patients' medical care" by defendant Carter through reports, administrative reports and appeals. Plaintiff alleges that defendants Snow, Patterson and Gates were and remain aware that defendant Carter engages in the unauthorized practice of medicine. Plaintiff alleges that these defendants are aware that defendant Carter made decisions regarding whether to treat inmate-patients and whether to refer

inmate-patients to physicians without adequate supervision.

A supervisor is liable for the acts of his subordinates "if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d at 743-44. Generally, a supervisor is liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "The requisite causal connection can be established ... by setting in motion a series of acts by others, ... or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (internal quotation marks and citation omitted). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

In claim four, plaintiff appears to claim that defendants Snow, Patterson and Gates knew that defendant Carter provided inadequate medical care to inmates prior to August 18, 2020, and failed to take action to prevent further misconduct. However, plaintiff cites no specific instances of defendant Carter failing to provide adequate medical care to inmates prior to August 18, 2020. Plaintiff's second amended complaint also fails to demonstrate how defendants were aware of defendant Carter's alleged prior misconduct. Accordingly, the undersigned finds that claim four should be dismissed as vague and conclusory. Ivey v. Board of Regents, 673 F.3d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient).

*Claim Five (ECF No. 35 at 18-19)*

In claim five, plaintiff alleges that defendants Snow, Patterson, Gates and Santos violated the Fourteenth Amendment by allowing defendant Carter to provide inmates with inadequate

4

medical care. Plaintiff also may be claiming that defendant Carter violated the Fourteenth Amendment by allegedly failing to provide plaintiff with medication on August 18, 2020.

To the extent plaintiff attempts to raise claims on behalf of other inmates, plaintiff may only raise her own claims. Plaintiff, proceeding pro se, may not represent the interest of any other inmate(s). Sanchez v. Lerdo Kern County Detention Facility, 2015 WL 1345808, at *3 (E.D. Cal. March 23, 2015) (citations omitted).

To the extent plaintiff alleges that defendants violated the Fourteenth Amendment by providing inadequate medical care, the Supreme Court has instructed the federal courts that, whenever possible, they should analyze constitutional claims using an "explicit textual source of constitutional protection," rather than using "the more generalized notion of 'substantive due process'" under the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). Under the Graham principle, the Eighth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs plaintiff's claims.[1] Accordingly, claim five should be dismissed.

*Claim Six (ECF No. 35 at 20)*

Plaintiff alleges that defendants' failure to provide her with adequate medical care, as previously discussed, violated California Penal Code § 4023. California Penal Code § 4023 provides that when the daily average of more than 100 persons are confined in any county or city jail, there shall be available at all times a duly licensed and practicing physician available. California Penal Code § 4023 is not relevant to the factual allegations raised in this second amended complaint. Accordingly, claim six should be dismissed.

*Claim Seven (ECF No. 35 at 21-)*

Plaintiff alleges that defendant Carter violated California Business and Professions Code §§ 2141, 2392 and 2726 by engaging in the unauthorized practice of medicine.

California Business and Professions Code § 2141 prohibits the unlicensed practice of the healing arts. Bowland v. Municipal Court, 18 Cal.3d 479, 484 (1976). Former California

---

[1] As discussed in these findings and recommendations, plaintiff separately raises related Eighth Amendment claims.

Business and Professions Code § 2392 prohibited the aiding and abetting of unlicensed persons. Khan v. Medical Board, 12 Cal.App.4th 1834, 1142 (Cal. App. 1993). Section 2392 has been replaced with § 2264. Id. Former § 2726 of the California Business and Professions Code provided, "This chapter confers no authority to practice medicine or surgery or to undertake the prevention, treatment or cure of disease, pain, injury, deformity, or mental or physical condition in violation of any provision of law." People v. Malone, 82 Cal.App.2d 54, 69 (1947).

By citing §§ 2141, 2392 and 2726, plaintiff is attempting to bring a claim against defendant Carter (and possibly the other defendants) for engaging in the unauthorized practice of medicine and for aiding and abetting in the unauthorized practice of medicine.

Under California law, there is no private right of action for the unauthorized practice of medicine. The unlawful practice of medicine is a criminal offense. Cal. Bus. & Prof. Code, § 2052. In addition, the California Medical Board is authorized to investigate complaints of unauthorized practice of medicine. See, e.g., Cal. Bus. & Prof. Code, § 2220.5, et seq.

Accordingly, claim seven should be dismissed for failing to state a potentially colorable claim for relief.

*Claim Eight (ECF No. 35 at 22-23)*

Plaintiff alleges that defendants Snow, Patterson and Gates violated the "minimum standards" contained in title 15 of the California Code of Regulations. In support of this claim, plaintiff cites California Code of Regulations title 15, § 3999.315. Section 3999.315 addresses medication management by the California Department of Corrections and Rehabilitation ("CDCR").

There is no private right of action under Title 15. See e.g., Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012) ("There is no implied private right of action under title fifteen of the California Code of Regulations"); Hill v. White, 2014 WL 711016, at *5 (E.D. Cal. 2014) (Title 15 of the California Code of Regulations does not provide a private right of action). Accordingly, claim eight should be dismissed for failing to state a potentially colorable claim for relief.

////

*Claim Nine (ECF No. 36 at 24-27)*

Plaintiff alleges that defendant Carter violated Title II of the Americans with Disabilities Act ("ADA") by denying plaintiff medication on August 18, 2020. Plaintiff alleges that she is disabled and that she was denied access to "grievances, programs or activities" based on her failure to receive medication on August 18, 2020. Plaintiff alleges that as a result of not receiving her medication on August 18, 2020, she was unable to participate in various rehabilitative, educational, mental health and recreational health services.

To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)).

The Supreme Court has held that Title II of the ADA applies to state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

As an initial matter, plaintiff cannot bring claims under the ADA against defendant Carter in her individual capacity, and to the extent she is attempting to do so, she fails to state a claim. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)).

Plaintiff's ADA claims also fails because she has not alleged facts showing that she was discriminated against because of a disability. Plaintiff's claim that she was denied medication on one occasion does not demonstrate that she was discriminated against based on a disability. Instead, these allegations state an Eighth Amendment claim for denial of adequate medical care. These allegations do not state a potentially colorable ADA claim. See Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010), overruled on other grounds by Castro v. Cnty. of L.A., 833 F.3d 1060 (9th Cir. 2016) ("The ADA prohibits discrimination because of disability,

7

not inadequate treatment for disability.").

Accordingly, claim nine should be dismissed for failing to state a potentially colorable claim for relief.

*Claim Ten (ECF No. 36 at 28)*

Plaintiff alleges violation of the ADA's anti-interference provisions contained in 42 U.S. § 12203(b). In support of this claim, plaintiff alleges that on August 18, 2020, defendant Carter told plaintiff that she would get plaintiff drugs so long as plaintiff did not "blow this out of proportion with 1824 shit." Plaintiff alleges that an "1824" is an ADA grievance.

42 U.S.C. § 12203(b) provides,

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. § 12033(b).

"The Ninth Circuit has not specifically described the elements required to establish a violation of § 12203(b), nor has it defined what 'intimidation' or 'coercion' mean in the context of § 12203(b)." Armstrong v. Newsom, 2021 WL 933106, at *26 (N.D. Cal. March 11, 2021). Brown v. City of Tucson, 336 F.3d 1181, 1191-93 (9th Cir. 2003) is instructive. Id. In Brown v. City of Tucson, the Ninth Circuit held that the plaintiff had stated a claim for a violation of § 12203(b) by alleging facts showing that (1) her employer threatened her with an adverse action; (2) the threat had a nexus to her exercise or enjoyment of an ADA right; and (3) she suffered "distinct and palpable" injury as a result of the threat. 336 F.3d at 1191-93. The Ninth Circuit held that the requisite injury "could consist of either the giving up of her ADA rights, or some other injury which resulted from her refusal to give up her rights, or from the threat itself." Id.

Plaintiff has not stated a potentially colorable claim pursuant to § 12033(b) because plaintiff does not allege that defendant Carter threatened her and that the threat had a nexus to plaintiff's exercise or enjoyment of an ADA right. Accordingly, claim ten should be dismissed for failing to state a potentially colorable claim for relief.

////

*Claim Eleven (ECF No. 36 at 29-30)*

Plaintiff alleges that defendants Snow, Patterson and Gates violated the Eighth Amendment by refusing to report defendant Carter's repeated violations of plaintiff's rights even though defendant Carter refused to give plaintiff her medication on August 18, 2020. Plaintiff alleges that on October 12, 2020, she asked defendant Snow, "don't you feel some shame for letting [Carter] screw with our serious medical needs?" Defendant Snow allegedly responded, "I don't care enough."

Plaintiff appears to claim that defendants violated the Eighth Amendment by failing to adequately investigate her claim that defendant Carter denied her medication on August 18, 2020. Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, plaintiff's claim that defendants failed to investigate defendant Carter's failure to provide her medication on August 18, 2020, fails to state a potentially colorable Eighth Amendment claim. Accordingly, claim eleven should be dismissed.

*Conclusion*

For the reasons discussed above, the undesigned recommends that claims 3-11 be dismissed for failing to state potentially colorable claims for relief. Defendant Carter is ordered to respond to claims one and two raised in the second amended complaint. Because it is clear that plaintiff cannot cure the pleading defects discussed above, no further amendments are permitted.

Finally, on February 18, 2022, plaintiff filed a pleading with the court docketed as "motion for clarification." (ECF No. 36.) In this pleading, plaintiff requests information regarding whether the court received the second amended complaint attached to the objections. This motion is deemed resolved because the court received the second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 20, 2021 findings and recommendations (ECF No. 13) are vacated;
2. Plaintiff's motion for clarification (ECF No. 36) is deemed resolved;
3. This action proceeds on the second amended complaint attached to plaintiff's objections (ECF No. 35);

4. Within twenty-one days of the date of this order, defendant Carter shall file a response to claims one and two raised in the second amended complaint; and

IT IS HEREBY RECOMMENDED that all claims raised in the second amended complaint, but for claims one and two against defendant Carter, be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.ame