UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>RUBY CARTER, et al.,<br><br>    Defendants. | No. 2: 21-cv-1267 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel. (ECF No. 53.) For the reasons stated herein, plaintiff's motion to compel is denied.

*Background*

To put the motion to compel in context, the undersigned herein sets forth the claims on which this action proceeds.

This action proceeds on the second amended complaint against defendant Ruby Carter as to claims one and two. (ECF No. 35.) Plaintiff alleges that on August 18, 2020, defendant Carter violated the Eighth Amendment by denying plaintiff Mirtazapine and Hydroxyzine. (Id.) Plaintiff alleges that as a result of not receiving her medication, her mental and medical conditions deteriorated and she suffered suicidal ideation. (Id.)

The alleged deprivations occurred at Mule Creek State Prison ("MCSP").

1

*Legal Standard for Motion to Compel*

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.  The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id.  The opposing party "has the burden to show that discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

*Clarification of At-Issue Discovery Requests*

In the motion to compel, plaintiff does not clearly identify the at-issue discovery requests. However, plaintiff alleges that she notified defendant that the responses to interrogatories nos. 7-8 and request for production of documents nos. 1-3, 6-7, 9-12 were insufficient.  (ECF No. 53 at 3.) Plaintiff only addresses defendant's responses to her request for production of documents. Accordingly, the undersigned finds that plaintiff's motion to compel concerns only request for production of documents nos. 1-3, 6-7 and 9-12.  Defendant also interpreted the motion to compel to address these requests.[1]

////

---

[1] Plaintiff did not dispute defendant's interpretation of the motion to compel as addressing request for production of documents nos. 1-3, 6-7 and 9-12.

*Request No. 1*

Request no. 1 sought,

> Any and all grievances, complaints, or other documents received by prison staff or CDCR agents at Mule Creek or CDCR generally concerning the mistreatment and/or improper medical conduct by Defendant Carter, and any memoranda, investigative files, or other documents created in response to such complaints since January 1, 2000.

ECF No. 53 at 37.)

Defendant responded,

> Objection. The request for all grievances and complaints received by prison staff or CDCR agents at Mule Creek or CDCR concerning mistreatment and or improper medical conduct by defendant Carter is overbroad as to scope and time, not relevant to the claims and defenses in this case, is unduly burdensome and not proportional to the needs of the case, and invasive of the privacy rights of defendant and any inmates who may have submitted complaints. The request further violates the official information privilege and seeks personal and private information of staff members or materials that constitutes personnel information, which is confidential. (Cal. Code of Regs., tit. 15, §§ 3321, 3450, & 3370.) Without waiving these objections, defendants state: all relevant, unprivileged responsive documents in their possession, custody or control will be produced.

(Id. at 38.)

The undersigned finds that the documents sought in request no. 1 regarding grievances, complaints or other documents concerning alleged inadequate medical care provided by defendant Carter to other inmates are not relevant to this action. The issues in this action are solely related to defendant Carter's actions taken toward plaintiff, therefore making defendant Carter's treatment of other inmates not relevant. Brooks v. Tate, 2013 WL 4049058, at *2 (E.D. Cal. Aug. 7, 2013) (third-party prisoner complaints alleging inadequate medical care not relevant to whether defendant was deliberately indifferent to plaintiff); Gallagher v. Department of Corrections, 2017 WL 347467, at *2 (W.D. Wash. Jan. 24, 2017) ("The facts and circumstances of each inmate's medical condition are different, and therefore, whether or not a particular inmate filed a grievance as to his medical condition is not relevant to this case.").

Moreover, assuming the relevancy of the documents sought in request no. 1, the request is overbroad because it seeks documents from January 1, 2000, to the present. The alleged

3

deprivation in this action occurred on August 18, 2020. The request for documents going back 20 years from the alleged deprivation is overbroad.

For the reasons discussed above, the motion to compel as to request no. 1 is denied.[2]

*Request No. 2*

Request no. 2 sought, "Any and all policies, directives or instructions to staff concerning the complete care model governing healthcare operations at Mule Creek State Prison." (ECF No. 53 at 38.)

Defendant responded,

> Objection. The request for all policies, directives, or instructions to staff concerning the complete care model governing healthcare operations at Mule Creek State Prison is overly broad and unduly burdensome to the extent that there are many policies and procedures concerning inmate healthcare provided by Mule Creek State Prison.
>
> Subject to and without waiving objection, under Federal Rule of Civil Procedure 33(d), a copy of the California Department of Corrections and Rehabilitation, California Correctional Health Care Services, Health Care Department Operations Manual section 3.2.1, Article 2-Pharmacy and Medication Services is attached and labeled as AG-036-AG-037.

(Id.)

The undersigned finds that request no. 2 is overbroad in that not every policy, directive or instruction to staff concerning the complete model governing healthcare operations at MCSP is relevant to this action. Defendant adequately responded to request no. 2 by providing plaintiff with copies of manuals related to pharmacy and medication services, which are relevant to the issues raised in this action. For these reasons, the motion to compel as to request no. 2 is denied.

*Request No. 3*

Request no. 3 sought, "Any and all policies, directives, or instructions to staff concerning the delivery of medically necessary health care services to the CDCR patient population." (ECF No. 53 at 38.)

/////

---

[2] Because the undersigned finds that request no. 1 is overbroad and seeks documents not relevant to this action, the undersigned need not reach defendant's other objections to this request.

4

Defendant responded,

> Objection. The request for any and all policies, directives, or instructions to staff concerning the delivery of medically necessary health care services to the CDCR patient population is overly broad and unduly burdensome to the extent that there are many policies and procedures concerning the delivery of medically necessary health care services to the CDCR patient population.
>
> Subject to and without waiving said objection, under Federal Rule of Civil Procedure 33(d), a copy of the California Department of Corrections and Rehabilitation, California Correctional Health Care Services, Health Care Department Operations Manual section 3.5.5, Prescription/Order Requirements, California Department of Corrections and Rehabilitation, California Health Care Services, Health Care Department Operations Manual section 3.2.2, Medication Orders-Prescribing, and California Department of Corrections and Rehabilitation, California Correctional Health Care Services, Health Care Department Operations Manual section 3.5.4, CCHCS Drug Formulary are attached and labeled AG-038-AG-048.

(Id. at 39.)

The undersigned finds that request no. 3 is overbroad in that not every policy, directive or instruction to staff concerning the delivery of medical care services to inmates in the CDCR population is relevant to this action. Defendant adequately responded to request no. 3 by providing plaintiff with copies of manuals related to pharmacy and medication services, which are relevant to the issues raised in this action. For these reasons, the motion to compel as to request no. 3 is denied.

*Request No. 6*

Request no. 6 sought,

> Any and all documents by any Mule Creek staff member or any other CDCR employee or official in response to Health Care Grievance tracking #20000079 filed by the plaintiff in August 2020, including defendant Carter's statement during the staff complaint interview for said health care grievance (CDCR 602 HC).

(ECF No. 53 at 40.)

Defendant responded, "All relevant responsive documents in their possession, custody or control will be produced. A complete copy of Health Care Grievance tracking # 20000079 is attached and labeled AG-064-AG-079." (Id. at 41.)

////

5

1  In the motion to compel, plaintiff alleges that she is seeking defendant Carter's full
2  statement to S. Snow made during the grievance process. (ECF No. 53 at 4.) Plaintiff also
3  alleges that she is seeking reports from an interview with witness A. Underwood. (Id.) Attached
4  to plaintiff's motion to compel is the Institutional Response to plaintiff's grievance. (Id. at 93-
5  94.) This response, signed by S. Snow and T. Patterson, indicates that plaintiff's cellmate, inmate
6  Underwood, and defendant Carter were interviewed. (Id. at 93-94.)

7  In opposition to the motion to compel, defendant states that defendant's counsel inquired
8  as to the existence of written statements or other recordings made during the staff complaint
9  interview and was informed that no documents or recordings exist. (ECF No. 55 at 7.)
10 Defendant contends that they fully complied with request no. 6. (Id.)

11 To the extent plaintiff seeks written statements or other recordings made of the interviews
12 with defendant Carter and inmate Underwood during the staff complaint review, defendant
13 represents that these documents and recordings do not exist. The undersigned cannot order
14 defendant to produce documents and recordings that do not exist.

15 The undersigned finds that defendant adequately responded to request no. 6 by providing
16 plaintiff with a complete copy of Health Care Grievance tracking # 20000079. Accordingly, the
17 motion to compel as to request no. 6 is denied.

18 *Request no. 7*

19 Request no. 7 sought, "All sick call request sheets from January 1, 2019, to the date of
20 your response." (ECF No. 53 at 41.)

21 Defendant responded,

22 > Objection. The request for all sick call sheets from January 1, 2019
23 > to the date of response is overly broad and unduly burdensome and
     > not reasonably calculated to lead to the discovery of admissible
24 > evidence. The request also violates the privacy of third-parties.

25 (Id.)

26 In request no. 7, plaintiff does not clarify whether she seeks only her own sick call request
27 sheets or sick call request sheets for all inmates. Plaintiff also does not clarify whether the sick
28 call request sheets are only related to treatment inmates received from defendant Carter. Because

6

request no. 7 is vaguely worded, the undersigned cannot determine what specific documents plaintiff seeks in this request.

However, the undersigned finds that to the extent plaintiff seeks sick call request sheets submitted by other inmates related to treatment received from defendant Carter, these documents are not relevant to the claims raised in the instant action. Brooks v. Tate, 2013 WL 4049058, at *2 (E.D. Cal. Aug. 7, 2013); Gallagher v. Department of Corrections, 2017 WL 347467, at *2 (W.D. Wash. Jan. 24, 2017).  To the extent plaintiff seeks her own sick call request sheets from January 1, 2019 to the date of defendant's response, this request is overbroad because not every sick call request submitted by plaintiff during this time period is relevant to this action. Accordingly, the motion to compel as to request no. 7 is denied.[3]

*Request No. 9*

Request no. 9 sought,

> Any logs, lists or other documentation reflecting grievances filed by Mule Creek inmates from January 1, 2015 to the date of your response.  Include only those grievances classified as medical grievance and/or staff complaint grievances.

(ECF No. 53 at 41.)

Defendant responded,

> Objection.  The request for any logs, lists or other documentation reflecting grievances filed by Mule Creek inmates from January 1, 2015 to the date of response is overbroad, overly burdensome, invasive of the privacy rights of other staff and other inmates and involves the production of personnel records.  The request further violates the official information privilege and seeks personnel information, which is confidential.  (Cal. Code of Regs., tit. 15, §§ 3321, 3450, & 3370.)

(Id.)

In the opposition, defendant also argue that request no. 9 seeks documents not relevant to this action.  (ECF No. 55 at 10.)

/////

---

[3] Because the undersigned finds that request no. 7 is vague and overbroad, the undersigned need not reach defendant's other objections to this request.

For the following reasons, the undersigned finds that request no. 9 is overbroad and seeks documents that are not relevant to this action. First, request no. 9 is not limited to grievances concerning medical care provided by defendant Carter. Second, as discussed above, the issues in this action are solely related to defendant Carter's actions taken toward plaintiff, therefore making defendant Carter's treatment of other inmates not relevant. Brooks v. Tate, 2013 WL 4049058, at *2 (E.D. Cal. Aug. 7, 2013); Gallagher v. Department of Corrections, 2017 WL 347467, at *2 (W.D. Wash. Jan. 24, 2017). Accordingly, the motion to compel as to request no. 9 is denied.[4]

*Request No. 10*

Request no. 10 sought,

> Any and all document created by any Mule Creek Staff member or any other CDCR staff employee or official in response to a grievance filed by the Plaintiff in August 2020 concerning her medical care, or any other appeals of that grievance.

(ECF No. 53 at 42.)

Defendant responded, "A complete copy of the Health Care Grievance tracking #20000079 will be produced and is labeled AG-090-AG-095." (Id.)

In opposition to the motion to compel, defendant states that defendant's counsel inquired as to the existence of written statements or other recordings during the staff complaint interview and was informed that no documents or recordings exist. (ECF No. 55 at 12.) Defendant contends that they fully complied with request no. 10. (Id.)

In response to request no. 10, defendant provided plaintiff with all documents regarding the grievance plaintiff filed against defendant Carter regarding the claims raised in this action. The undersigned finds that defendant adequately responded to request no. 10. Accordingly, the motion to compel as to request no. 10 is denied.

////

////

////

---

[4] Because the undersigned finds that request no. 9 seeks documents not relevant to this action, the undersigned need not reach defendant's other objections to this request.

*Request No. 11*

Request no. 11 sought,

> Any and all documents created by any Mule Creek staff member from the inception of defendant Carter's employment with CDCR to date concerning the plaintiff's medical care and not included in previous items of this request.

(ECF No. 53 at 42.)

Defendant responded,

> Objection. The request for any and all documents created by any Mule Creek staff member from the inception of defendant Carter's employment with CDCR to date concerning the plaintiff's medical care and not included in previous items of this request is overly broad and unduly burdensome as plaintiff may obtain copies of these records.

(Id.)

The undersigned finds that request no. 11 is overbroad because not every document created by MCSP staff regarding plaintiff's medical care from the inception of defendant Carter's employment is relevant to the claims against defendant Carter raised in this action. Accordingly, the motion to compel as to request no. 11 is denied.

*Request No. 12*

Request no. 12 sought,

> Any and all documents, including but not limited to disciplinary reports, created by any staff member or any other state employee or official concerning any improper conduct and/or staff misconduct incident involving defendant Carter before, on, as well as after August 18, 2020, and any investigation or action concerning staff misconduct incidents.

(ECF No. 53 at 42.)

Defendant responded,

> Objection. The request for any [and] all documents, including but not limited to disciplinary reports, created by any CDCR staff member or any other state employee or official concerning any improper conduct and/or staff misconduct incident involving defendant Carter before, on, as well as after August 18, 2020, and any investigation or action concerning staff misconduct incidents is overbroad, overly burdensome, calls for the production of protected personnel records, and invades the privacy of the inmates who submitted the other complaints. The request further violates the

> official information privilege and seeks personnel information of staff members or materials that constitutes personnel information, which is confidential. (Cal. Code of Regs., tit. 15, §§ 3321, 3450, & 3470.)
>
> Subject to and without waiving the objections, defendant will produce a complete copy of the Health Care Grievance tracking #20000079 and is labeled AG-096-AG-111.

(Id. at 42-43.)

In a supplemental response to request no. 12, defendant informed plaintiff that no responsive documents to request no. 12 exist because defendant was not disciplined by CDCR. (ECF No. 55 at 19.)

Defendant's supplemental response to request no. 12 indicates that the documents sought in this request do not exist. The undersigned cannot order defendant to produce documents that do not exist. Accordingly, the motion to compel as to request no. 12 is denied.[5]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 53) is denied.

Dated: August 24, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.com

---

[5] Because the documents sought in request no. 12 do not exist, the undersigned need not reach defendant's other objections to this request.