UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUBY CARTER, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-01267-DAD-KJN (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 60) |

  Plaintiff Akiva A. Israel is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  Pending before the court is plaintiff's motion for reconsideration of the previously-assigned district judge's July 26, 2022 order dismissing several of plaintiff's claims (Doc. No. 57).  (Doc. No. 60.)  On March 24, 2022, the assigned magistrate judge issued findings and recommendations, recommending that the action proceed only on plaintiff's claims one and two in which plaintiff had alleged that defendant Ruby Carter violated her rights under the Eighth Amendment by denying plaintiff Mirtazapine and Hydroxyzine on or around August 18, 2020, and that all of plaintiff's other claims be dismissed.  (Doc. No. 37.)  The findings and recommendations contained notice that any objections thereto were to be filed within fourteen (14) days of service of the findings and recommendations.  (*Id.* at 10.)  Although plaintiff sought

1

and received extensions of time to file objections (Doc. Nos. 41, 51), no objections were filed to the findings and recommendations.

On July 26, 2022, nearly three weeks after plaintiff's final deadline to file objections to the findings and recommendations had passed, the then-assigned district judge adopted those findings and recommendations in full and dismissed all claims raised in plaintiff's second amended complaint but for claims one and two brought against defendant Carter.  (Doc. No. 57.) On August 5, 2022, plaintiff filed the pending motion for reconsideration of the July 26, 2022 order.  (Doc. No. 60.)

In the pending request for reconsideration, plaintiff does not address her failure to file objections to the March 24, 2022 findings and recommendations.  (*See id.*)  Plaintiff's failure to object to the findings and recommendations, when she had the ability to do so (as demonstrated by her filing of discovery motions in this case during that same time period), or at least request another extension of time to file her objections, is alone reason enough to deny her request for reconsideration.  *See Tate v. United States*, No. 15-cv-09323-FMO-JPR, 2020 WL 5260473, at *1 (C.D. Cal. May 4, 2020) (citing *Gomez v. MacDonald*, No. 13-cv-01367-VBF-SH, 2014 WL 4059938, at *5 (C.D. Cal. Aug. 14, 2014) ("[B]ecause petitioner failed to file objections to the R & R which this Court adopted, he may fairly be deemed to have waived his right to seek reconsideration under [Rules 59(e) and 60(b)].").  Furthermore, for the reasons stated below, the court will also deny plaintiff's motion for reconsideration on the merits.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

In the pending motion, plaintiff appears to seek reconsideration of the July 26, 2022 order with respect only to the dismissal of her claim eleven. (Doc. No. 60 at 1–5.) In claim eleven of the operative second amended complaint, plaintiff alleged that defendants Snow, Patterson and Gates violated plaintiff's Eighth Amendment rights by failing to investigate plaintiff's claim that defendant Carter had denied plaintiff her medication on August 18, 2020. (Doc. No. 37 at 9.) In her motion for reconsideration, plaintiff argues that defendants' failure to discipline defendant Carter "amounts to tacit authorization" of the denial of plaintiff's medication. (Doc. No. 60 at 4.) Plaintiff argues that defendants' failure to take disciplinary action against defendant Carter may be "discoverable evidence of policy." (*Id.* at 4–5.)

As explained by the magistrate judge in the March 24, 2022 findings and recommendations (Doc. No. 37), defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's claim that defendants

Snow, Patterson and Gates failed to investigate or discipline defendant Carter *after* defendant Carter allegedly denied plaintiff her prescribed medication does not state a potentially colorable Eighth Amendment claim. *See also Spohn v. Mucklow*, No. 2:12-cv-00101-LKK-DAD, 2012 WL 4667600, at *3 (E.D. Cal. Sept. 17, 2012) (the Constitution does not require an investigation into plaintiff's complaints by prison officials). Plaintiff also suggests that defendants Snow, Patterson and Gates enacted policies that led to the alleged constitutional deprivation. (Doc. No. 60 at 3–4.) However, these vague and conclusory allegations are insufficient to state a potentially colorable Eighth Amendment claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient).

To the extent plaintiff challenges the dismissal of her claims three to ten, plaintiff has not shown good cause based on the standards set forth above warranting reconsideration of the court's order dismissing these claims.

Accordingly, for the reasons explained above:

1. Plaintiff's motion for reconsideration (Doc. No. 60) is denied; and

2. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 8, 2022**

UNITED STATES DISTRICT JUDGE