UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>RUBY CARTER, et al.,<br><br>    Defendants. | No. 2: 21-cv-1267 DAD KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second motion to postpone her deposition.[1] (ECF No. 52.) Also pending is defendant's motion to modify the scheduling order. (ECF No. 63.)

For the reasons stated herein, plaintiff's motion to postpone her deposition is denied, and defendant's motion to modify the scheduling order is granted.

Legal Standard to Modify Scheduling Order

A scheduling order may be modified only upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.

---

[1] On July 28, 2022, the undersigned granted plaintiff twenty-one days to file a reply to defendant's opposition to her motion to postpone her deposition. (ECF No. 59.) Twenty-one days passed and plaintiff did not file a reply.

1

1992). In considering whether a party moving for a schedule modification has shown good cause, the court primarily focuses on the diligence of the party seeking the modification. Johnson, 975 F.2d at 609.

Plaintiff's Motion to Postpone her Deposition

*Background*

On May 5, 2022, plaintiff filed her first motion to postpone her deposition. (ECF No. 44.) Plaintiff requested that her deposition be postponed by thirty days due to medical problems. (Id.) In particular, plaintiff claimed that she was hospitalized for serious injuries sustained from an "episode of recurrent unprovoked seizures." (Id at 1.) Plaintiff claimed she suffered lumbar contusion and accidental drug poisoning. (Id.) Plaintiff claimed that she remained in medical duress, suffering from dizziness, fainting, seizures, difficulty breathing and confusion. (Id.)

On May 18, 2022, defendant informed the court that she rescheduled plaintiff's deposition to accommodate plaintiff's previously scheduled medical appointment. (ECF No. 46.) Plaintiff's deposition, originally scheduled for May 5, 2022, was rescheduled for June 16, 2022. (Id.) On May 23, 2022, the undersigned denied plaintiff's May 5, 2022 motion to postpone her deposition as moot because defendant postponed plaintiff's deposition by more than thirty days. (ECF No. 47.)

In the pending motion, filed June 13, 2022, pursuant to the mailbox rule, plaintiff requests that her deposition be indefinitely postponed on three grounds. (ECF No. 52.)

First, plaintiff alleges that on June 7, 2022, her confidential legal property was confiscated. (Id. at 1-2.) Plaintiff alleges that she cannot adequately prepare for her deposition without access to all of her legal property. (Id.) Plaintiff alleges that prison officials ignored her requests for return of her legal property. (Id.) In a grievance attached to the pending motion, plaintiff wrote that on June 13, 2022, she was moved from Facility D to Facility B due to a self-declared hunger strike. (Id. at 5.) At that time, plaintiff's property was packed up and transferred to her new location. (Id.)

Second, plaintiff alleges that she requires additional time to recuperate from substantial changes to her anti-epileptic medication. (Id. at 2.) Plaintiff alleges that the changes in her

medication caused her to suffer medical duress. (Id.)

Third, plaintiff alleges that prison staff lost plaintiff's hearing aid. (Id.) Plaintiff alleges she needs her hearing aid in order to hear. (Id. at 2-3.) Attached to plaintiff's pending motion is a Health Care Services Request Form written by plaintiff alleging that on June 7, 2022, custody staff destroyed or lost her hearing aids. (Id. at 52.)

*Defendant's Opposition*

On July 6, 2022, defendant filed an opposition to plaintiff's motion to indefinitely postpone her deposition. (ECF No. 54.) Defendant argues that plaintiff did not act diligently in seeking relief and failed to demonstrate good cause to continue her deposition indefinitely. (Id. at 2-3.) The undersigned sets forth the arguments raised in defendant's opposition herein.

Defendant contends that plaintiff delayed in requesting a continuance of her deposition. (Id. at 2.) Defendant contends that on May 6, 2022, defense counsel served plaintiff with a notice of continued deposition by videoconference. (ECF No. 54-1 at 2.) The notice stated that plaintiff's deposition was scheduled for June 16, 2022, at 8:00 a.m. (Id.) On June 16, 2022, plaintiff appeared with a stack of papers. (Id.) Plaintiff requested a continuance stating that she did not have her hearing aids and it was very hard to hear consistently. (Id.)

Defendant also argues that plaintiff's motion does not present evidence substantiating her claims. (ECF No. 54 at 3.) Defendant argues that while plaintiff requests a continuance of her deposition due to a change in medication, plaintiff did not provide any medical records in support of this claim. No medical records are attached to the pending motion. Defendant contends that the medical records attached to plaintiff's first motion to postpone her deposition, filed May 5, 2022, do not include relevant records regarding changes in medication.

In the opposition, defendant also observes that plaintiff does not specify in her pending motion what legal property was taken, making it difficult to verify that she requires additional time to prepare. (Id. at 3.) However, defendant provides the declaration of Mule Creek State Prison ("MCSP") Litigation Coordinator Santos who states that on June 16, 2022, plaintiff was provided all her "legal mail." (ECF No. 54-2 at 2.) By "legal mail," it appears that Litigation Coordinator Santos meant legal documents. Litigation Coordinator Santos states that plaintiff's

3

files contained seven legal boxes that were stored in the Receiving and Release Room and one box in her cell. (Id.) Plaintiff was informed that she could request to view or exchange legal mail at any time. (Id.)

Regarding plaintiff's missing hearing aid, Litigation Coordinator Santos states that plaintiff's primary care physician ordered an audiology appointment for the hearing aids. (Id. at 2.) Assuming plaintiff does not locate her lost hearing aids, plaintiff can request a replacement pair at her audiology appointment. (Id.) Litigation Coordinator Santos also states that MCSP can provide listening devices for video or telephone conferences. (Id.) Plaintiff did not request any assisting listening device for the deposition scheduled for June 16, 2022. (Id.) This device can be provided to plaintiff upon request for any video or audio conference. (Id.)

*Discussion*

The undersigned agrees with defendant that plaintiff's first motion to postpone her deposition contains no medical records supporting plaintiff's claim that her anti-epilepsy medication was changed. (ECF No. 44 at 4-28.) More importantly, plaintiff provides no recent medical records regarding a change in her epilepsy medication.

Regarding plaintiff's claim that she was denied access to her legal property, the record indicates that plaintiff did not have access to her legal property from June 13, 2022, until June 16, 2022, i.e., the date of the re-noticed deposition. Plaintiff now has access to her legal property.

Regarding the missing hearing aids, defendant's opposition contains information regarding how plaintiff may request an assisting listening device to aid her during the deposition if she cannot recover her hearing aid.

The undersigned also observes that on June 24, 2022, plaintiff filed a 209 pages long motion to compel despite the circumstances alleged in the pending motion. (ECF No. 53.)

For the reasons set forth above, the undersigned finds that plaintiff has not shown good cause to postpone her deposition indefinitely. Because plaintiff has access to her legal property, access to a hearing device to aid her during the deposition and no medical condition that prevents her from participating in a deposition, plaintiff's motion to indefinitely postpone her deposition is denied.

<u>Defendant's Motion to Modify the Scheduling Order (ECF No. 63)</u>

Defendant requests that the scheduling order be modified so that the September 2, 2022 discovery deadline is extended to October 31, 2022, only for the purpose of defendant deposing plaintiff. Defendant also requests that the dispositive motion deadline of November 28, 2022, be extended to January 27, 2023. Good cause appearing, defendant's motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to indefinitely postpone her deposition (ECF No. 52) is denied;
2. Defendant's motion to modify the scheduling order (ECF No. 63) is granted;
3. The discovery deadline is extended to October 31, 2022, only for the purpose of defendant deposing plaintiff; the dispositive motion deadline is extended to January 27, 2023.

Dated: September 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.dep(3)