UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA ISRAEL,<br><br>                  Plaintiff,<br><br>        v.<br><br>RUBY CARTER, et al.,<br><br>                  Defendants. | No. 2: 21-cv-1267 DAD KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel and defendant's motions to compel and to modify the scheduling order.  (ECF Nos. 68, 70, 71.)  For the reasons stated herein, plaintiff's motion to compel is denied and defendant's motions to compel and to modify the scheduling order are granted.

Background

On May 5, 2022, plaintiff filed her first motion to postpone her deposition.  (ECF No. 44.)  Plaintiff requested that her deposition be postponed by thirty days due to medical problems.  (Id.)

On May 18, 2022, defendant informed the court that she rescheduled plaintiff's deposition to accommodate plaintiff's previously scheduled medical appointment.  (ECF No. 46.)  Plaintiff's deposition, original scheduled for May 5, 2022, was rescheduled for June 16, 2022.  (Id.)  On May 23, 2022, the undersigned denied plaintiff's May 5, 2022 motion to postpone her

1

deposition as moot because defendant postponed plaintiff's deposition by more than thirty days. (ECF No. 47.)

On June 15, 2022, plaintiff filed a second motion to postpone her deposition (ECF No. 52.) Plaintiff requested that her deposition be postponed indefinitely due to confiscation of her legal property, changes in her epilepsy medication and loss of her hearing aids. (Id.) On September 12, 2022, the undersigned denied plaintiff's June 15, 2022 motion to indefinitely postpone her deposition. (ECF No. 65.) The undersigned also granted defendant's August 29, 2022 motion to modify the scheduling order and extended the September 2, 2022 discovery deadline to October 31, 2022, but only for the purpose of defendant deposing plaintiff. (Id.) The undersigned extended the dispositive motion deadline to January 27, 2023. (Id.)

On June 24, 2022, plaintiff filed a motion to compel further responses to request for production of documents nos. 1-3, 6-7 and 9-12. (ECF No. 53.) On August 25, 2022, the undersigned denied plaintiff's motion to compel. (ECF No. 61.)

On September 9, 2022, plaintiff filed a non-opposition to defendant's August 29, 2022 motion to modify the scheduling order. (ECF No. 66.) In this motion, plaintiff claimed that the court failed to respond to plaintiff's motions for clarification and for reconsideration. (Id. at 1.) Plaintiff also claimed that defendants failed to produce discovery. (Id.)

On September 27, 2022, the undersigned issued an order deeming the matters raised in plaintiff's statement of non-opposition filed September 9, 2022 resolved. (ECF No. 67.) In particular, the undersigned observed that on June 8, 2022, the undersigned denied plaintiff's motion for clarification. (Id. at 1.) On September 9, 2022, the court denied plaintiff's motion for reconsideration. (Id. at 1-2.)

In the September 27, 2022 order, the undersigned found that it was unclear whether the discovery identified in plaintiff's statement of non-opposition was requested in the documents sought in plaintiff's motion to compel. (Id.) To the extent this discovery was included in the motion to compel, defendant's failure to produce this discovery was addressed in the August 25, 2022 order. (Id.) To the extent this discovery was not included in plaintiff's motion to compel, discovery closed on September 2, 2022. (Id.) Therefore, the time for plaintiff to file a motion to

compel regarding these documents had passed.  (Id.)

Plaintiff's Motion to Compel (ECF No. 68)

Plaintiff alleges that her motion to compel is brought pursuant to Federal Rule of Civil Procedure 30(d)(3).  (ECF No. 68 at 1.)  Rule 30(d)(3)(A) provides,

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.  The motion may be filed in the court where the action is pending or the deposition is being taken.  If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Fed. R. Civ. P. 30(d)(3)(A).

In her motion, plaintiff argues that she should not be required to answer questions at her deposition until defendant responds to alleged outstanding discovery requests.  In particular, plaintiff alleges that prior to the September 2, 2022 discovery deadline, plaintiff sent defendant multiple meet and confer letters regarding defendant's incomplete discovery responses.  (ECF No. 68 at 2.)  Plaintiff alleges that defendant failed to respond to plaintiff's meet and confer letters.  (Id.)  Attached to plaintiff's motion is a letter from plaintiff to defense counsel dated October 13, 2022.  (Id. at 6.)  In this letter, plaintiff states that defense counsel failed to respond to multiple meet and confer letters requesting discovery items defendant agreed to provide plaintiff.  (Id.)  The letter states that until plaintiff receives the agreed upon discovery, plaintiff will raise objections at her deposition.  (Id.)

Plaintiff separately filed a declaration and exhibits in support of her motion to compel (ECF No. 69.)  Plaintiff includes an undated letter addressed to defense counsel in which plaintiff requested that defendant produce a complete copy of grievance no. 20000079, labelled as AG-096-AG-111.  (Id. at 4.)

On November 7, 2022, defendant filed an opposition to plaintiff's motion to compel. (ECF No. 75.)  By way of background, defendant states that on September 12, 2022, plaintiff was served with a continued deposition notice setting the deposition for October 18, 2022.  (ECF No. 75-1 at 2.)  On October 18, 2022, plaintiff and defense counsel appeared by videoconference for the deposition.  (Id.)  Defendant contends that plaintiff refused to answer defense counsel's

3

questions and moved to terminate the deposition pursuant to Federal Rule of Civil Procedure 30 (Id.)  The undersigned reviewed the transcript from the October 18, 2022 deposition and finds that defendant's representations regarding what occurred are accurate.

In the opposition, defendant first argues that plaintiff failed to establish that defendant acted in bad faith at the October 18, 2022 deposition.  (ECF No. 75 at 3.)  Defense counsel received plaintiff's motion to compel based on Rule 30 on October 18, 2022, after the deposition terminated.  (ECF No. 75-1 at 2.)  Defendant contends that plaintiff's refusal to answer questions until the court ruled on a motion that she had not yet filed does not demonstrate bad faith on the part of defendant.  (ECF No. 75 at 4.)

Defendant also argues that plaintiff's claim that defendant failed to respond to multiple meet and confer letters is not relevant to plaintiff's failure to refuse to answer questions at her properly noticed deposition.  (Id.)  Defendant also contends that, contrary to plaintiff's apparent assertion, the requested deposition was not subject to plaintiff's stipulations or a meet and confer.  (Id.)  Defendant contends that there were no outstanding discovery disputes prior to the scheduled deposition, which would require a meet and confer.  (Id.)

In the opposition, defendant also contends that she produced to plaintiff on February 28, 2022, the documents plaintiff claims she did not receive in the pending motion, i.e., AG-96-111.  (Id. at 5.)  Finally, defendant argues that the request by plaintiff to compel defendant to produce documents contained in the pending request should be denied as untimely because the discovery deadline was September 2, 2022.  (Id.)

At the outset, the undersigned finds that plaintiff's motion to compel is improperly brought under Rule 30(d)(3)(A) because this rule provides for the termination of a deposition based on misconduct occurring during the deposition.  Plaintiff's motion alleges no misconduct by defense counsel during the deposition.

Moreover, plaintiff's objection that she is not required to answer deposition questions until defendant complies with alleged outstanding discovery requests is not valid.  See Bingham v. Marriott International, Inc., 2022 WL 886116, at * 4 (C.D. Cal. Feb. 17, 2022) ("A party's dissatisfaction with another party's discovery responses is not a basis to refuse to appear for a

4

duly noticed deposition; stated another way, 'discovery is not conducted on a 'tit-for-tat' basis.'") (citations omitted).  Defendant's alleged failure to comply with plaintiff's discovery requests is a separate issue that should have been raised in a motion to compel.  See Meeks v. Nunez, 2016 WL 2586681, at *3 (S.D. Cal. May 4, 2016).  Accordingly, plaintiff's request to postpone her deposition until defendant responds to her discovery requests is denied.

To the extent plaintiff seeks to compel defendant to produce documents in the pending motion, this motion to compel is not timely.  Except for the taking of plaintiff's deposition, the discovery deadline was September 2, 2022.  (ECF No. 43.)  In addition, there are no timely motions to compel filed by plaintiff pending before the court.

In the pending motion, plaintiff also claims that the court failed to rule on her motion to modify the scheduling order, filed on September 9, 2022, and docketed as ECF No. 66.  (ECF No. 68.)  As discussed above, plaintiff's September 9, 2022 pleading, docketed at ECF No. 66, is plaintiff's non-opposition to defendant's motion to modify the scheduling order.

On September 27, 2022, the undersigned issued an order addressing the matters raised in plaintiff's statement of non-opposition filed September 9, 2022.  (ECF No. 67.)  Accordingly, plaintiff's claim that the court failed to rule on her pleading filed September 9, 2022 and docketed as ECF No. 66 is without merit.  The undersigned herein directs the Clerk of the Court to amend court records to reflect that plaintiff's September 9, 2022 pleading is a statement of non-opposition to defendant's motion to modify the scheduling order.

Defendant's Motion to Compel (ECF No. 71)

Defendant moves to compel plaintiff's deposition pursuant to Federal Rule of Civil Procedure 37.  Plaintiff has not opposed this motion.

Under Rule 37(a)(3), a party may move to compel when a "deponent fails to answer a question...."  Fed. R. Civ. P. 37(a)(3)(B)(i).  Defendant argues that plaintiff's improper refusal to answer questions at her properly noticed October 18, 2022 deposition deprived defendant of the opportunity to evaluate the claims against them.

For the reasons discussed above in the section addressing plaintiff's motion to compel, the undersigned finds that plaintiff improperly refused to answer defendant's deposition questions at

the October 18, 2022 deposition.  The undersigned also finds that defendant will be prejudiced if she is unable to depose plaintiff.  Good cause appearing, defendant's unopposed motion to compel plaintiff's deposition is granted.  **Plaintiff is cautioned that if she again refuses to answer questions at her deposition, the court may dismiss this action and issue terminating sanctions.**

 Defendant's Motion to Modify the Scheduling Order (ECF No. 70)

A scheduling order may be modified only upon a showing of good cause and by leave of court.  Fed. R. Civ. P. 16; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  In considering whether a party moving for a schedule modification has shown good cause, the court primarily focuses on the diligence of the party seeking a modification.

As discussed above, the discovery deadline was extended to October 31, 2022 only for the purpose of defendant deposing plaintiff and the dispositive motion deadline is January 27, 2023. Defendant requests that the deadline to depose plaintiff be extended sixty days from the date the court rules on defendant's motion to compel, and the dispositive motion deadline be extended an additional ninety days thereafter.

Good cause appearing, defendant's unopposed motion to modify the scheduling order is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 68) is denied;
2. Defendant's motion to compel (ECF No. 71) is granted;
3. Defendant's motion to modify the scheduling order (ECF No. 70) is granted;
4. The deadline for defendant to depose plaintiff is sixty days from the date of this order; discovery is otherwise closed; the dispositive motion deadline is ninety days thereafter;

////
////
////
////

5. The Clerk of the Court is directed to amend court records to reflect that plaintiff's pleading filed September 9, 2022, at ECF No. 66 is a statement of non-opposition to defendant's motion to modify the scheduling order.

Dated: January 11, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.com(2)