1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AKIVA ISRAEL,                              No.  2: 21-cv-1267 DAD KJN P

12                    Plaintiff,

13          v.                                   ORDER

14    RUBY CARTER,

15                    Defendant.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  For the reasons stated herein, plaintiff's motion for access to her excess

19    legal property (ECF No. 91) is denied.

20    Background

21          On May 10, 2023, defendant filed a summary judgment motion.  (ECF No. 77.)  On June

22    21, 2023, July 18, 2023, August 24, 2023, and September 28, 2023, the undersigned granted

23    plaintiff extensions of time to file her opposition.  (ECF Nos. 80, 83, 87, 90.)

24          On September 28, 2023, the Clerk of the Court updated plaintiff's address of record to

25    reflect that plaintiff is now housed at Salinas Valley State Prison ("SVSP").

26          On October 16, 2023, plaintiff filed the pending motion.  (ECF No. 91.)  Plaintiff requests

27    that the court order the SVSP Warden to grant plaintiff immediate access to her excess legal

28    property lodged in Receiving and Release.  (Id.)  Plaintiff alleges that her inability to access her

1

1  excess legal property lodged in Receiving and Release "is profoundly prejudicial to plaintiff's

2  interests, rights and ability to prosecute this case fairly."  (Id.)

3       In the pending motion, plaintiff appeared to claim that she could not prepare her

4  opposition to defendant's summary judgment motion without access to her excess legal property

5  stored in Receiving and Release.  Accordingly, on October 19, 2023, the undersigned ordered

6  defendant to file a status report within fourteen days addressing plaintiff's access to her legal

7  property, related to the instant action, allegedly stored in Receiving and Release.  (ECF No. 92.)

8       On October 26, 2023, defendant filed a response to the October 19, 2023 order.  (ECF No.

9  93.)  Defendant's response states, in part, that defense counsel was informed that, on October 18,

10  2023, the Receiving and Release Department received a telephone request to allow plaintiff to

11  access her excess legal paperwork.  (Id. at 3.)  On October 20, 2023, at approximately 1215 hours,

12  plaintiff was transported to Receiving and Release and gained access to all eleven boxes stored on

13  her behalf.  (Id.)

14  Discussion

15       Based on defendant's October 26, 2023 response, the undersigned finds that plaintiff

16  accessed her stored legal property on October 20, 2023.  The undersigned also observes that the

17  California Code of Regulations contains procedures for stored legal property.  Under California

18  Code of Regulations Title 15, § 3190(b), (f), inmates may keep within their cells six cubic feet of

19  allowable personal and religious property.  California Code of Regulations Title 15, § 3161

20  addresses legal property:

21          Inmate-owned legal materials/documents, law books and papers shall be limited to the availability of space authorized by section

22  3190(b) for personal property in the inmate's quarters/living area, except as specified in this section.  Inmates may possess up to one

23  cubic foot of legal materials/documents related to their active cases, in excess of the six cubic feet allowable property in their assigned

24  quarters/living area.  Legal materials/documents, law books and papers in excess of this limitation shall be disposed of pursuant to

25  section 3191(c).  Inmates may request the institution/facility store excess legal materials/documents related to their active case(s) when

26  such materials/documents exceed this one cubic foot additional allowance.  Inmate-owned law books in excess of the additional

27  allowance shall not be stored by the institution/facility.

28  Cal. Code of Regs. Title 15, § 3161.

In the October 26, 2023 response, defendant states that SVSP policy requires inmates to file a written request for access to property held in Receiving and Release.  (ECF No. 93 at 3.) Defendant states that inmates may submit requests for access to their property Monday through Friday from 8:00 a.m. to 5:00 p.m.  (Id.)  Once correctional officers are able to transport inmates to the Receiving and Release Department and staff are able to monitor inmates, the inmate may review their documents.  (Id.)

Plaintiff's October 16, 2023 motion for an order directing the SVSP Warden to grant her immediate access to her stored legal property is denied as moot.  As discussed above, plaintiff accessed her stored legal property on October 20, 2023.  The instant order also informs plaintiff of the procedures by which she may access her stored legal property regarding the instant action.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for access to her stored legal property (ECF No. 91) is denied; and

2.   Plaintiff's opposition to defendant's summary judgment motion is due within thirty days of the date of this order; no further extensions of time to file the opposition will be granted; failure to file an opposition within thirty days will result in a recommendation of dismissal of this action for lack of prosecution.

Dated:  October 30, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.lp(2)

3