UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA ISRAEL,<br><br>   Plaintiff,<br><br>   v.<br><br>RUBY CARTER,<br><br>   Defendant. | No. 2:21-cv-1267 DAD KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's summary judgment motion and plaintiff's motion for reconsideration. (ECF Nos. 77, 101.) For the reasons stated herein, the undersigned recommends that defendant's summary judgment motion be granted and plaintiff's motion for reconsideration be denied.

II.     Plaintiff's Motion for Reconsideration (ECF No. 101)

*Background*

On December 11, 2023, the undersigned recommended that this action be dismissed for failure to prosecute. (ECF No. 98.) In the findings and recommendations, the undersigned discussed plaintiff's repeated failure to file her opposition to defendant's summary judgment motion. (Id.)

1

1	On December 29, 2023, plaintiff filed a motion for extension of time to file objections to
2	the December 11, 2023 findings and recommendations.  (ECF No. 99.)  Plaintiff attached her
3	opposition to defendant's summary judgment motion to her request for extension of time.  (Id.)
4	On January 5, 2023, the undersigned vacated the December 11, 2023 findings and
5	recommendations based on plaintiff's submission of her opposition to defendant's summary
6	judgment motion.  (ECF No. 100.)  The undersigned denied plaintiff's motion for extension of
7	time to file objections to the December 11, 2023 findings and recommendations as unnecessary
8	and granted defendant ten days to file a reply to plaintiff's opposition.  (Id.)

*Discussion*

In the pending motion for reconsideration, plaintiff appears to claim that in her motion for extension of time filed December 29, 2023, she informed the court that the opposition attached to her motion for extension of time was incomplete.  (ECF No. 101.)  In the pending motion for reconsideration, plaintiff appears to claim that the undersigned failed to address her request for additional time to supplement her opposition made in her December 29, 2023 request for extension of time.  (Id.)  In the pending motion for reconsideration, plaintiff requests a fifteen days extension of time to file additional briefing in support of her opposition.  (Id.)

Plaintiff is correct that the undersigned did not construe her December 29, 2023 motion for extension of time to include a request for an extension of time to file supplemental briefing in support of her opposition.  To the extent plaintiff's December 29, 2023 motion for extension of time sought additional time to file supplemental briefing in support of her opposition, the undersigned finds that plaintiff did not show good cause to grant this request.  Fed. R. Civ. P. 6.  The undersigned further find that plaintiff's pending motion for reconsideration also does not show good cause to grant plaintiff additional time to file supplemental briefing in support of her opposition.  Id.

Accordingly, for the reasons discussed above, the undersigned recommends that plaintiff's motion for reconsideration be denied.

////

////

2

III.     Defendant's Summary Judgment Motion (ECF No. 77)

A.  Legal Standards for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the

allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587; Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could

not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

By notice provided on April 29, 2022, and May 10, 2023 (ECF Nos. 43, 77-2), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

B. Plaintiff's Claims

This action proceeds on plaintiff's second amended complaint filed September 20, 2021, as to defendant Carter. (ECF No. 35.) Plaintiff alleges that on August 18, 2020, defendant Carter violated the Eighth Amendment by denying plaintiff Mirtazapine.[1] (Id. at 10-14.) Plaintiff alleges that she was prescribed Mirtazapine to treat schizophrenia. (Id.) Plaintiff alleges that as a result of not receiving Mirtazapine on August 18, 2020, she suffered several injuries including psychological trauma. (Id.)

C. Legal Standard for Eighth Amendment Claim Alleging Inadequate Medical Care

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To maintain an Eighth Amendment claim premised on prison medical treatment, the prisoner must show that officials were deliberately indifferent to their medical needs. A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind). See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir.

---

[1] In the order screening plaintiff's second amended complaint, the undersigned stated that plaintiff alleged that defendant Carter denied her Mirtazapine and Hydroxyzine on August 18, 2020. (ECF No. 37 at 2.) In her deposition, plaintiff clarified that she alleges that defendant Carter denied her only Mirtazapine on August 18, 2020. (Plaintiff's deposition at pp. 64-65.)

2014). On the subjective prong, a prison official must know of and disregard a serious risk of harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Such indifference may appear when a prison official intentionally denies or delays care, or intentionally interferes with treatment once prescribed. Estelle, 429 U.S. at 104-05.

If, however, the official failed to recognize a risk to the plaintiff—that is, the official "should have been aware" of a risk, but in fact was not—the official has not violated the Eighth Amendment. Sandoval v. Cnty. of San Diego, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in original). That is because deliberate indifference is a higher standard than medical malpractice. Thus, a difference of opinion between medical professionals—or between the plaintiff and defendant—generally does not amount to deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). An argument that more should have been done to diagnose or treat a condition generally reflects such differences of opinion and not deliberate indifference. Estelle, 429 U.S. at 107. To prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the chosen course "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016).

Neither will an "inadvertent failure to provide medical care" sustain a claim, Estelle, 429 U.S. at 105, or even gross negligence, Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013). Misdiagnosis alone is not a basis for a claim of deliberate medical indifference. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012). A delay in treatment, without more, is likewise insufficient to state a claim. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). It is only when an official both recognizes and disregards a risk of substantial harm that a claim for deliberate indifference exists. Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).

A plaintiff must also demonstrate harm from the official's conduct. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). And the defendant's actions must have been both an actual and proximate cause of this harm. Lemire, 726 F.3d at 1074.

////

Discussion

*Did Plaintiff Have a Serious Medical Need?*

Defendant does not dispute that plaintiff had a serious medical need on August 18, 2020, for which she was prescribed Mirtazapine. However, the parties the nature of plaintiff's serious medical need. Defendant claims plaintiff was prescribed Mirtazapine to treat anxiety. Plaintiff claims she was prescribed Mirtazapine to treat schizophrenia. For the reasons stated herein, the undersigned finds that it is undisputed that on August 18, 2020, plaintiff was prescribed 7.5 mg of Mirtazapine, as needed, at bedtime for anxiety.

In support of the summary judgment motion, defendant provided the declaration of Dr. B. Trammell. (ECF No. 77-6.) Dr. Trammell states that he saw plaintiff on or around August 11, 2020, August 18, 2020, and August 25, 2020. (Id. at 2.) Dr. Trammell states that Mirtazapine (Remeron) is an anti-depressant medication indicated for the treatment of depression. (Id.) Mirtazapine may have some efficacy in the treatment of anxiety. (Id.) Mirtazapine is not indicated for the treatment of schizophrenia. (Id.)

Dr. Trammell states that on December 26, 2019, plaintiff was ordered Mirtazapine 15 mg., once a day as needed, at bedtime for anxiety. (Id.) On August 11, 2020, Dr. Trammell modified the order to Mirtazapine 7.5 mg, once a day as needed, at bedtime for anxiety. (Id.) That order was in effect on August 18, 2020. (Id.)

Attached to Dr. Trammell's declaration are medical records stating that on August 11, 2020, plaintiff was prescribed Mirtazapine, 7.5 mg, once a day at bedtime for anxiety. (Id. at 4.)

In her opposition, plaintiff argues that on August 18, 2020, she was prescribed Mirtazapine to treat schizophrenia. The undersigned discusses this argument herein.

In support of her argument that Mirtazapine was prescribed to treat schizophrenia on August 18, 2020, plaintiff cites exhibits attached to her opposition. Plaintiff cites a neuropsychological evaluation performed on plaintiff on May 7, 2001, by clinical psychologist Hilda Chalgujian. (ECF No. 99 at 46-55.) Dr. Chalgujian diagnosed plaintiff with schizophrenia. (Id. at 54.)

////

In her opposition, plaintiff also cites a medical record from the Deuel Vocational Institution ("DVI") containing notes from plaintiff's May 13, 2019 examination by psychiatrist Dr. Fields.  (Id. at 58-60.)  Dr. Fields notes state that plaintiff has schizophrenia.  (Id. at 60.)  Dr. Fields identifies plaintiff's current medications as Risperidone, Sertraline and Cogentin.  (Id. at 59.)  Dr. Fields states that she started plaintiff on Sertraline for depression.  (Id. at 60.)

In her opposition, plaintiff also cites a medical record from DVI containing notes from plaintiff's June 29, 2019 examination by Clinical Social Worker McDonald.  (Id. at 61.)  The notes state that plaintiff is diagnosed with schizophrenia.  (Id.)  The notes describe plaintiff's medications as Sertraline for depression and Risperdal, Haldol and Cogentin.  (Id.)

Plaintiff also attaches a medication form describing her prescribed medication dated July 15, 2021.  (Id. at 63.)  This form states that plaintiff is prescribed 7.5 mg Mirtazapine by mouth once a day at bedtime from a nurse for schizophrenia, with a start date of April 5, 2021.  (Id.)

Plaintiff also attaches a medical record from the California Men's Colony ("CMC") dated December 9, 2022, stating that plaintiff was prescribed Mirtazapine to treat anxiety.  (Id. at 73.)  This medical record is signed by psychiatrist Dr. Walta.  (Id.)

Plaintiff also attaches a document discussing Mirtazapine that she apparently found on the internet.  (Id. at 68-69.)  This document states that Mirtazapine is an antidepressant that is used to treat major depressive disorders in adults.  (Id. at 68.)

The undersigned finds that the records attached to plaintiff's opposition reflect that plaintiff has been diagnosed with schizophrenia.  The undersigned is puzzled by the July 15, 2021 medication form stating that plaintiff was prescribed Mirtazapine to treat schizophrenia, as the other evidence discussed above clearly reflects that Mirtazapine is not used to treat schizophrenia.  Assuming that Mirtazapine could be used to treat schizophrenia, Dr. Trammell's declaration and the attached medical records make clear that on August 18, 2020, plaintiff was prescribed 7.5. Mirtazapine, as needed at bedtime, to treat anxiety.  Plaintiff presents no evidence demonstrating that she was prescribed Mirtazapine on August 18, 2020, to treat schizophrenia.

Accordingly, based on the undisputed evidence, the undersigned finds that on August 18, 2020, plaintiff was prescribed Mirtazapine 7.5 mg at bedtime as needed to treat anxiety.

*Did Defendant Carter Act with Deliberate Indifference?*

Defendant moves for summary judgment on the grounds that she did not act with deliberate indifference to plaintiff's serious medical needs on August 18, 2020. In support of this argument, defendant largely relies on her own declaration. In her declaration defendant states, in relevant part,

> 2.  I am currently employed by the California Department of Corrections and Rehabilitation ("CDCR") at Mule Creek State Prison ("MCSP") as a Licensed Vocational Nurse. I have been employed by CDCR since June 2016. My duties include, but are not limited to, providing the administration of prescribed medications, as ordered by the physician, providing observation and therapeutic intervention consistent with the inmate-patient's physical and psychological status, evaluating the effectiveness of inmate-patient treatment regimen and ensuring a safe, therapeutic environment for inmates and staff, maintaining order, and supervising the conduct of inmates.
>
> 3.  On August 18, 2020, MCSP inmates and staff were required to follow Covid-19 quarantine protocols. For this reason, movement of inmates and staff were restricted to ensure safe social distancing. Medication passes occurred outdoors. Inmate patients formed a line and a nurse assigned to each yard dispensed medication. I was assigned to complete the evening medication administration to inmates housed at MCSP, Building 3, Alpha Yard. I dispensed medication by traveling to the housing unit with a rolling medication cart. The cart contained limited quantities of medications including Mirtazapine 7.5, and was not subject to a medication count prior to the evening medication pass.
>
> 4.  Prior to plaintiff presenting for her evening medication, the cart assigned to me no longer contained Mirtazapine 7.5 mg. I observed plaintiff conversing with cellmate in a relaxed manner before I encountered her. I did not observe plaintiff exhibit signs of distress as she approached me for her medication.
>
> 5.  Plaintiff requested one dose of Mirtazapine 7.5 mg. I informed her that I could not provide Mirtazapine 7.5. mg as I no longer had the drug in my medication cart. Plaintiff politely requested that I attempt to obtain Mirtazapine 7.5 mg from another source. I explained that I could not obtain the medication. Plaintiff then asked for her prescribed dose of Hydroxyzine. After providing plaintiff with Hydroxyzine and her other prescriptions, I moved to administer medication to her cellmate while he received his medications. Plaintiff did not appear distressed and left the medication area without incident.
>
> 6.  As a Licensed Vocational Nurse, I do not have direct access to inmate medical records or have direct knowledge of each inmate's diagnosed medication conditions. The medication cart did not allow access to patient medical records, only their prescriptions. At the

9

> time of the incident, I did not have direct knowledge of plaintiff's medication conditions. I did not have a relationship with plaintiff before or after the August 18, 2020 incident and had not regularly treated plaintiff.

(ECF No. 77-4 at 1-3.)

Defendant argues that she did not act with deliberate indifference when she failed to give plaintiff Mirtazapine on August 18, 2020, for several reasons. The undersigned addresses these arguments herein.

Defendant argues that she did not act with deliberate indifference because she did not purposefully withhold the Mirtazapine because her cart did not contain a sufficient amount of Mirtazapine to administer to plaintiff. The undersigned is not persuaded by this argument because defendant's declaration is unclear regarding defendant's ability to obtain additional Mirtazapine. While defendant states in her declaration that she told plaintiff that she could not obtain Mirtazapine for her, defendant does not clearly address why she could not obtain Mirtazapine for plaintiff. In her declaration, defendant Carter discusses the Covid-19 protocols in effect on August 18, 2020. It seems likely that the Covid-19 protocols prevented defendant from obtaining Mirtazapine for plaintiff, but defendant does not make this clear in her declaration.

Defendant also argues that she did not act with deliberate indifference because she had no prior knowledge of plaintiff's mental health conditions on August 18, 2020. Defendant appears to argue that without knowing why plaintiff was prescribed Mirtazapine, she could not know of any harm plaintiff would suffer as a result of not taking Mirtazapine. Farmer v. Brennan, 511 U.S. 825, 837 (1994) (to act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Defendant's declaration indicates that she knew that plaintiff was prescribed Mirtazapine, but she did not know the medical or mental health conditions for which plaintiff had this prescription. However, a medical record attached to defendant Trammell's declaration states that on August 11, 2020, defendant Carter electronically signed and reviewed Dr. Trammell's August 11, 2020 order prescribing plaintiff 7.5 mg, once a day at bedtime, for anxiety. (ECF No. 77-6 at

4.) Based on this record, the undersigned finds that defendant fails to demonstrate that defendant did not know that plaintiff was prescribed Mirtazapine to treat anxiety on August 18, 2020.

Defendant also argues that, based on her observations that plaintiff did not appear anxious, she had no reason to believe that not providing the medication would cause harm to plaintiff. This argument contradicts defendant's argument that she did not know why plaintiff was prescribed Mirtazapine. In any event, the undersigned is not persuaded by this argument because defendant's declaration does not state that, on August 11, 2020, she did not think plaintiff would be harmed as a result of not receiving Mirtazapine based on her observation that plaintiff did not appear anxious. The undersigned cannot make this inference on defendant's behalf.

Defendant also argues that her failure to provide plaintiff with Mirtazapine on August 18, 2020, did not amount to deliberate indifference because it was an isolated occasion. In support of this argument, defendant states that plaintiff does not dispute that defendant Carter provided plaintiff with her other medication on August 18, 2020. (See Plaintiff's Deposition at pp. 64-65.) Defendant also states that plaintiff does not claim that defendant Carter denied plaintiff medication on any other occasion. (See Plaintiff's Deposition at 75.)

The Ninth Circuit has found that isolated occurrences of neglect do not amount to a constitutional violation. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeated failures to satisfy requests for aspirin and antacids to alleviate headaches, nausea, and pain did not violate the Eighth Amendment because "[s]uch isolated occurrences of neglect do not amount to a constitutional violation"); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted) ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.'"); McGuckin, 974 F.2d at 1061 ("[T]he more serious the medical needs of the prisoner, and the more unwarranted the defendant's action in light of those needs, the more likely it is that a plaintiff has established 'deliberate indifference' on the part of the defendant.").

The undisputed evidence demonstrates that defendant Carter's failure to provide plaintiff with Mirtazapine 7.5 mg., prescribed for anxiety at bedtime as needed, on August 18, 2020, was an isolated occurrence. Even assuming that defendant Carter could have obtained Mirtazapine for

11

plaintiff on August 18, 2020, and knew that it was prescribed for anxiety, the undersigned finds that defendant's failure to provide plaintiff with Mirtazapine on that isolated occasion did not amount to deliberate indifference. Accordingly, defendant Carter should be granted summary judgment on these grounds.

*Plaintiff's Damages*

Defendant also moves for summary judgment on the grounds that plaintiff's damages are speculative as the causation of her damages cannot be established. The undersigned need not reach this argument because defendant is entitled to summary judgment on the grounds that she did not act with deliberate indifference when she failed to give plaintiff Mirtazapine on August 18, 2020.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for reconsideration (ECF No. 101) be denied; and
2. Defendant's summary judgment motion (ECF No. 77) be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ls1267.sj(3)