1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AKIVA AVIKAIDA ISRAEL,                    No.  2:21-cv-01267-DAD-KJN (PC)

12                   Plaintiff,

13          v.                                   ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR RECONSIDERATION
14    RUBY CARTER, et al.,
                                                 (Doc. No. 112)
15                   Defendants.

16

17          Plaintiff Akiva Avikaida Israel is a state prisoner proceeding *pro se* and *in forma pauperis*

18    in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a

19    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On March 6, 2024, the undersigned issued an order adopting the assigned magistrate

21    judge's findings and recommendations and denying plaintiff's motion for reconsideration,

22    granting defendant Ruby Carter's motion for summary judgment, and dismissing this action.

23    (Doc. No. 109.)  That same day, judgment was entered.  (Doc. No. 110.)  On March 18, 2024,

24    plaintiff filed the pending motion, styled as a motion to amend the judgment, which the court

25    construes as a motion for reconsideration of the court's March 6, 2024 order.  (Doc. No. 112.)  In

26    that motion plaintiff contends that the declaration of Dr. B. Trammell submitted in support of

27    defendant Carter's motion for summary judgment, in which the doctor stated that "Mirtazapine is

28    not indicated for the treatment of schizophrenia," (Doc. No. 77-6 at ¶ 4), "contained a false

                                                    1

1   representation of material fact," which the court also relied upon in ruling in favor of defendant

2   Carter on summary judgment.  (Doc. No. 112 at 2).

3       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

4   district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

5   on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

6   evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

7   been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

8   Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual

9   circumstances, unless the district court is presented with newly discovered evidence, committed

10  clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

11  raise arguments or present evidence for the first time when they could reasonably have been

12  raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

13  F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

14  original).

15      Here, plaintiff has failed to establish any basis for reconsideration under Rule 60(b).

16  Plaintiff's argument that Dr. Trammell made a "false representation of material fact" in the

17  declaration submitted in support of defendant's motion for summary judgment (Doc. No. 112 at

18  2), may be construed as an assertion by plaintiff of "fraud by the adverse party."  However, "[i]n

19  determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether

20  fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the

21  judicial process."  *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017)

22  (citations and quotation marks omitted); *see also Martin v. Muniz*, No. 17-cv-01690-BLF-PR,

23  2021 WL 2139443, at *2. (N.D. Cal. May 25, 2021).  There must be an intentional, material

24  misrepresentation that goes to the case's central issue and affects the case's outcome.  *See Sierra*

25  *Pac. Indus.*, 862 F.3d at 1168; *Martin*, 2021 WL 2139443, at *2.

26      While plaintiff submits articles suggesting Mirtazapine's potential efficacy for treating

27  schizophrenia (*id.* at 5–25), at issue on summary judgment was whether there was evidence

28  presented to the court demonstrating that plaintiff was prescribed Mirtazapine for schizophrenia,

1   rather than for anxiety alone, at the *time of the incident in question, i.e. August 18, 2020*.

2   Ultimately, the court concluded that plaintiff had failed to present any evidence on summary

3   judgment that she was prescribed Mirtazapine for schizophrenia on or before the incident date of

4   August 18, 2020.  (Doc. Nos. 104 at 8, 109.)

5          Therefore, the representation in Dr. Trammell's declaration which plaintiff alleges is false

6   (that "Mirtazapine is not indicated for the treatment of schizophrenia") played no role in the

7   court's determination that defendant Carter was entitled to summary judgment based on the

8   evidence presented to the court.  Consequently, the court is not persuaded that Dr. Trammell's

9   declaration constitutes "fraud" that harmed the integrity of the judicial process.  *See Sierra Pac.*

10  *Indus.*, 862 F.3d at 1168.  Accordingly, the court will deny plaintiff's motion for reconsideration

11  of the court's March 6, 2024 order.

12         Accordingly,

13  1.      Plaintiff's motion for reconsideration (Doc. No. 112) is denied; and

14  2.      This case shall remain closed; and

15  3.      No further filings will be entertained in this closed case.

16         IT IS SO ORDERED.

17  Dated:   **March 21, 2024**                    _____

18                                                 DALE A. DROZD
                                                   UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28